IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLLEGENET, INC.,                              03-CV-1229-BR
a Delaware Corporation,

                                               OPINION AND ORDER
        Plaintiff,

v.

XAP Corporation,
a Delaware Corporation,

        Defendant.


**MICHAEL N. ZACHARY**
**SCOTT E. DAVIS**
**STEPHEN J. JONCUS**
**SAMIR N. PANDYA**
Klarquist Sparkman, LLP
121 S.W. Salmon St., Suite 1600
Portland, OR 97204
(503) 595-5300


1 - OPINION AND ORDER

**ARTHUR S. BEEMAN**
**WILLIAM G. GOLDMAN**
**M. ELIZABETH DAY**
DLA Piper Rudnick Gray Cary US LLP
153 Townsend St., Suite 800
San Francisco, CA 94107
(415) 836-2579

**SUSAN E. FOSTER**
Perkins Coie, LLP
1201 Third Ave., Suite 4800
Seattle, WA 98101
(206) 359-8846

            Attorneys for Plaintiff

**STEPHEN S. FORD**
Marger, Johnson & McCollom, P.C.
210 S.W. Morrison St., Suite 400
Portland, OR 97204
(503) 222-3613

**LYNN H. PASAHOW**
**CHARLENE M. MORROW**
**VIRGINIA K. DEMARCHI**
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, CA 94041
(650) 988-8500

            Attorneys for Defendant


**BROWN, Judge.**

    This matter comes before the Court on Plaintiff CollegeNET,

Inc.'s Motion for Entry of Judgment (#655) against Defendant XAP

Corporation pursuant to Federal Rule of Civil Procedure 54(b) on

its unfair-competition claim under Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a).  For the following reasons, the Court

**DENIES** CollegeNET's Motion.

2  - OPINION AND ORDER

## BACKGROUND

CollegeNET originally brought multiple claims against XAP Corporation for infringement of CollegeNET's Patents 6,460,042 ('042 Patent) and 6,345,278 ('278 Patent) related to processing student college applications on-line.  CollegeNET later added a claim that XAP engaged in unfair competition under the Lanham Act by making false representations to XAP's customers regarding the privacy of confidential information submitted by students who used XAP's on-line system to apply for admission to college.

In September-October 2006, the parties tried the patent-infringement and Lanham Act claims to a jury.  On the Lanham Act claim, the Court instructed the jury to determine whether XAP engaged in unfair competition and, if so, to determine the amount of CollegeNET's actual damages.  The Court advised the parties beforehand that it would consider the jury's verdict on the Lanham Act claim to be advisory pending further post-trial proceedings to resolve XAP's equitable laches defense and damage issues specifically reserved for final decision by the Court.

The jury found in favor of CollegeNET on its unfair-competition claim and assessed actual damages against XAP in the amount of $4.5 million.  The jury also returned a verdict for CollegeNET on one of its patent-infringement claims.

After the jury trial, the Patent and Trademark Office (PTO) ordered reexamination proceedings regarding the validity of

CollegeNET's '042 and '278 Patents.  The PTO reexamination is
pending, and the parties do not know with certainty when those
proceedings will conclude.  This Court has stayed all further
proceedings on CollegeNET's patent-infringement claims, including
a court trial on XAP's inequitable-conduct defense, until the PTO
reexamination proceedings are resolved.

A court trial was held in February 2007, however, on the
Lanham Act issues reserved to the Court.  The Court found
CollegeNET's claim was not barred by laches and adopted the
jury's award of $4.5 million in actual damages resulting from
XAP's unfair competition.  The Court also found XAP's unfair
competition was willful and, therefore, constituted exceptional
circumstances sufficient to justify an award of attorneys' fees
to CollegeNET.  The Court, however, rejected CollegeNET's request
for an award of XAP's profits and enhanced damages in addition to
actual damages.

## **STANDARDS**

Federal Rule of Civil Procedure 54(b) provides:

> When more than one claim for relief is
> presented in an action . . . or when multiple
> parties are involved, the court may direct
> the entry of a final judgment as to one of
> the claims or parties only upon an express
> determination that there is no just reason
> for delay and upon an express direction for
> the entry of judgment.

Pursuant to Rule 54(b), when the court has entered a final judgment as to a particular claim, the court may sever this partial judgment from the remaining claim and, therefore, make that judgment immediately appealable if the court finds there is "no just reason for delay." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

A final judgment is "an ultimate disposition" of an individual claim. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 236 (1956). Because severance under Rule 54(b) is consistent with 28 U.S.C. § 1291 and only a final judgment may be severed, the district court has wide discretion to determine whether any just reasons for delay exist. The "issuance of a Rule 54(b) order is a fairly routine act that is reversed only in the rarest of instances." *James*, 283 F.3d at 1068 n.6.[1] (the appellate court affords "great deference to the district court's determination of finality."). *See also In re First T.D. & Inv., Inc.*, 253 F.3d 520, 531 (9th Cir. 2001). When exercising its discretion to determine whether any just reasons for delay exist, the court may consider the following factors:

> [W]hether the claims under review were
> separable from the others remaining to be
> adjudicated and whether the nature of the

---

[1] CollegeNET refers to "certification" under Rule 54(b). Certification, however, applies to interlocutory orders under 28 U.S.C. § 1292(b), which are otherwise unappealable because they are not final judgments. Rule 54(b) judgments, however, are by definition "final judgments." *James,* 283 F.3d at 1068 n.6.

claims already determined was such that no
appellate court would have to decide the same
issues more than once even if there were
subsequent appeals.

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Nevertheless, the possibility of piecemeal appeals "does not

necessarily mean that a Rule 54(b) certification would be

improper."  *Id.*


## DISCUSSION

CollegeNET asserts there is "no just reason" for the

Court to delay issuing a Rule 54(b) order directing the entry of

a final judgment on the Lanham Act unfair-competition claim.

CollegeNET contends that claim is separable (*i.e.,* legally

distinct) from CollegeNET's patent-infringement claims, further

delay will harm CollegeNET, and the immediate entry of judgment

will not prejudice XAP.

According to XAP, however, CollegeNET's Lanham Act unfair-

competition claim is inseparable from its patent-infringement

claims, and XAP would be unduly prejudiced by entry of a Rule

54(b) final judgment on the Lanham Act claim alone.  In addition,

XAP argues entry of a Rule 54(b) final judgment on the Lanham Act

claim is inappropriate because CollegeNET seeks injunctive relief

and prejudgment interest as part of that judgment despite the

fact that CollegeNET's right to those remedies has not been

determined.

1. **Separability of Claims**.

CollegeNET contends its unfair-competition claim is legally distinct from its patent-infringement claims because the proof required for each claim consists of "entirely different facts." According to CollegeNET, its Lanham Act claim centered on "XAP's willful misrepresentations regarding its privacy policy," but CollegeNET's patent-infringement claims "focused on technical facts such as the scope of the patent claims and the operation of XAP Mentor Systems." Moreover, the damages awarded to CollegeNET as a result of XAP's unfair competition are different from and do not constitute a double recovery of the damages awarded to CollegeNET as a result of XAP's patent infringement. CollegeNET supports its position by relying on the jury finding in the first trial that none of the damages awarded to CollegeNET for patent infringement overlap the damages awarded to CollegeNET under the Lanham Act. *See Special Verdict,* Answer to Question 34 (#587)(entered Oct. 6, 2006).

CollegeNET also points out that the issuance of separate judgments on its Lanham Act and patent-infringement claims will not affect the jurisdiction of the Federal Circuit Court of Appeals to hear the appeals on both claims. *See Apotex, Inc. v. Thompson,* 347 F.3d 1335, 1342-43 (Fed. Cir. 2003)(Federal Circuit

7 - OPINION AND ORDER

jurisdiction "is based on the complaint that was filed where
the action originated" regardless whether the trial court
segregated claims by "certifying certain claims for appeal.").

On the other hand, XAP insists the Lanham Act and patent-
infringement claims are inseparable because any appellate review
of this case will require a determination as to whether the
damages awarded in favor of CollegeNET for unfair competition
will overlap with damages awarded for patent infringement.  In
support of its position, XAP argues the jury's decisions as to
the amount of each damage award and the lack of any overlap were
based in part on alleged flawed testimony by CollegeNET's damages
expert, William Partin, regarding price erosion and a patent-
infringement hypothetical royalty.[2]  In fact, XAP points out when
CollegeNET originally moved to consolidate the Lanham Act claim
with its patent-infringement claims and opposed XAP's Motion to
Stay the patent-infringement proceedings, CollegeNET also argued
the patent-infringement and Lanham Act claims were interrelated
and that some of the same documents and facts were relevant to
the issue of potential "overlapping" damages.  *See, e.g.,*
CollegeNET Mem. in Support of Mot. to Consolidate at 3-4.
According to XAP,  therefore, the Federal Circuit will
necessarily have to consider the damages awarded on the patent-

---

[2] XAP objected to this testimony at trial and likely will
argue on appeal that its admission was erroneous.

infringement claims on any appeal of the Lanham Act claim.


Finally, XAP contends evidence of its "supposed efforts to 'mislead students,'" which the Court allowed over XAP's objection, was so inflammatory that the resulting prejudice adversely affected the jury's deliberations as to both the Lanham Act and the patent-infringement claims.

Although the Court rejects XAP's contention that evidence of XAP's misrepresentations to students relating to CollegeNET's Lanham Act claim necessarily prejudiced the jury against XAP as to CollegeNET's patent-infringement claims, the Court nonetheless agrees with XAP that the Federal Circuit could be confronted with piecemeal appeals as to the damages awarded to CollegeNET on the Lanham Act claim and the patent-infringement claims. XAP's appeal from a Rule 54(b) judgment on CollegeNET's Lanham Act claim likely would address the impact of Partin's testimony on the issue of overlapping damages, which, in turn, would likely require a review by the appellate court of Partin's rationale for his opinions on damages related to both the Lanham Act and patent-infringement claims.

Under these circumstances, the Court concludes the potential for piecemeal appeals weighs heavily against entry of a Rule 54(b) final judgment on CollegeNET's Lanham Act claim.

2.    **Prejudice to the Parties**.

9 - OPINION AND ORDER

CollegeNET contends any delay in entering judgment on its Lanham Act claim will "amplify the harm XAP's misconduct has already inflicted" by delaying CollegeNET's ability to recoup the considerable expense incurred in prosecuting its unfair-competition claim.  In addition, a delay in the entry of judgment will prolong the time during which XAP can continue its misconduct in the absence of a permanent injunction.

XAP, in turn, contends it will be harmed if the Court allows judgment to be entered because its Counterclaim for inequitable conduct by CollegeNET in the prosecution of its patent claims with the PTO remains pending.  According to XAP, a favorable result on that Counterclaim could result in an award of attorneys' fees that might partially offset CollegeNET's total monetary award or even result in a net recovery for XAP. *See Hughes v. Novi Am., Inc.,* 724 F.2d 122, 125 (Fed Cir. 1984)(inequitable conduct in the prosecution of a patent claim may justify an award of attorneys' fees to a defendant).

XAP, however, does not contend CollegeNET's alleged inequitable conduct in the prosecution of its patent claims before the PTO has any direct bearing on CollegeNET's Lanham Act claim nor has XAP cited any authority for the proposition that the mere potential for a future monetary award on an unrelated claim is a factor to be considered when determining whether the entry of final judgment under Rule 54(b) is appropriate on a

separate claim.

Accordingly, the Court concludes the pendency of XAP's Counterclaim for inequitable conduct does not significantly weigh against entry of a Rule 54(b) judgment.

**3.    <u>Injunctive Relief/Prejudgment Interest</u>.**

CollegeNET includes in its proposed judgment a request for injunctive relief and prejudgment interest.  XAP contends the scope of CollegeNET's injunctive-relief request is overbroad, and CollegeNET is not entitled to prejudgment interest.

Although CollegeNET does not assert a specific claim for injunctive relief on its Lanham Act claim in its Fourth Amended Complaint, CollegeNET "seeks such other relief as the Court deems equitable" under the circumstances in addition to a monetary award.

The injunction requested in CollegeNET's proposed judgment, however, includes not only a provision enjoining XAP from making statements the jury found to be misleading, but also provisions affirmatively requiring XAP (1) to send written notices to students regarding XAP's proposed use of their personal information and the amount of money XAP will receive from third parties for that information and (2) to obtain written affirmations from the students that they understand who the third parties are, understand how much the third parties paid, and

11 - OPINION AND ORDER

consent to the disclosure of the personal information

to those third parties.  The proposed injunctive relief also includes a provision that requires XAP to notify each college that receives a student application using XAP's on-line system that the student's personal information has been made available to a third party.

The Court agrees with XAP that CollegeNET's proposed injunctive relief is broad and may be overreaching in the absence of further proceedings to determine the appropriate scope of the "equitable relief" sought by CollegeNET.  The Court also agrees CollegeNET has not established its entitlement to prejudgment interest.  The Lanham Act specifically authorizes an award of prejudgment interest only in counterfeit trademark cases.  *See* 15 U.S.C. § 1117(b)(allows the court discretion to award prejudgment interest for "any violation of section 1114(1)(a) of this title" relating to the use of a counterfeit mark).

In summary, the Court finds on this record that CollegeNET has not established the Court should enter final judgment against XAP at this time under Federal Rule of Civil Procedure 54(b) on CollegeNET's Lanham Act unfair-competition claim.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff CollegeNET,

12 - OPINION AND ORDER

Inc.'s Motion for Entry of Judgment (#655) against Defendant XAP

Corporation pursuant to Federal Rule of Civil Procedure 54(b) on

its unfair-competition claim under Section 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a).

IT IS SO ORDERED.

DATED this 5th day of June, 2007.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


13 - OPINION AND ORDER