IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**COLLEGENET, INC.,**
a Delaware Corporation,

       Plaintiff,

  v.

**XAP Corporation,**
a Delaware Corporation,

       Defendant.

03-CV-1229-BR

OPINION AND ORDER


**MICHAEL N. ZACHARY**
**SCOTT E. DAVIS**
**STEPHEN J. JONCUS**
**SAMIR N. PANDYA**
Klarquist Sparkman, LLP
121 S.W. Salmon St., Suite 1600
Portland, OR 97204
(503) 595-5300

**ARTHUR S. BEEMAN**
**WILLIAM G. GOLDMAN**
**M. ELIZABETH DAY**
**GREGORY J. LUNDELL**
DLA Piper Rudnick Gray Cary US LLP
153 Townsend St., Suite 800
San Francisco, CA 94107
(415) 836-2579


1 - OPINION AND ORDER

**SUSAN E. FOSTER**
Perkins Coie, LLP
1201 Third Ave., Suite 4800
Seattle, WA 98101
(206) 359-8846

      Attorneys for Plaintiff

**STEPHEN S. FORD**
Marger, Johnson & McCollom, P.C.
210 S.W. Morrison St., Suite 400
Portland, OR 97204
(503) 222-3613

**LYNN H. PASAHOW**
**CHARLENE M. MORROW**
**VIRGINIA K. DEMARCHI**
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, CA 94041
(650) 988-8500

      Attorneys for Defendant

**BROWN, Judge:**

Thus matter comes before the Court on Plaintiff CollegeNET, Inc.'s Motion (#664) for Entry of Briefing Schedule regarding Attorneys' Fees and Damages.  The Court **GRANTS in part** and **DENIES in part** the Motion.

## BACKGROUND

On October 5, 2006, following a 13-day trial, the jury returned a Special Verdict (#587) in which it awarded CollegeNET damages in the amount of $4.5 million against Defendant XAP on

2 - OPINION AND ORDER

CollegeNET's unfair-competition claim under Section 43(a) of the Lanham Act.

On March 26, 2007, following a two-day trial to the Court, the Court entered a Verdict, Findings of Fact, and Conclusions of Law (#652) in which it found, *inter alia*, exceptional circumstances existed to justify an award of attorneys' fees to CollegeNET under Section 35(a) of the Lanham Act.

On June 5, 2007, the Court entered an Order (#663) denying CollegeNET's Motion for Entry of Judgment on its Lanham Act claim pursuant to Federal Rule of Civil Procedure 54(b).

## **DISCUSSION**

CollegeNET now moves the Court to issue an order that establishes a schedule for the parties to submit briefs as to (1) the amount of attorneys' fees to which CollegeNET is entitled, (2) the immediate collection of those fees or the posting of a bond by XAP for the amount of those fees, and (3) XAP's obligation to post a bond covering the $4.5 million in damages awarded to CollegeNET on its Lanham Act claim.

**1.    Attorneys' Fees.**

CollegeNET asserts there is not any "reason to withhold payment from CollegeNET for the fees it expended in prosecuting its Lanham Act claim."  XAP opposes the Motion on the grounds

3 - OPINION AND ORDER

that final judgment has not been entered on CollegeNET's Lanham Act claim and a request for a briefing schedule on the amount of attorneys' fees is premature.

Federal Rule of Civil Procedure 54(d)(2)(B) governs motions for attorneys' fees:

> Unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days *after entry of judgment; must specify the judgment and the statute, rule*, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

(Emphasis added.) "Rule 54 expressly conditions a motion for attorneys' fees on an entry of judgment." *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 889 (9th Cir. 2000).

The Court agrees with XAP that CollegeNET's request for a briefing schedule regarding the amount of its attorneys' fees is premature and must await the entry of judgment. Thus, CollegeNET's request for a briefing schedule as to the collection of its attorneys' fees or the posting of a bond securing the amount of its fees is also premature.

**2. XAP's Obligation to Post a Damages Bond.**

CollegeNET requests the opportunity to submit a brief that addresses XAP's obligation to post a bond that will ensure XAP will have the funds available to pay CollegeNET's $4.5 million

4 - OPINION AND ORDER

Lanham Act damages award.  CollegeNET contends the Court has the inherent power in equity to ensure the availability of such funds to satisfy the judgment that will be entered in favor of CollegeNET and asserts XAP would be required to post a *supersedeas* bond it if decides to appeal such a judgment.  XAP, in turn, asserts "there is no judgment and, therefore, nothing to bond."

The Court concludes neither party has cited any case, rule, or statute that adequately addresses this issue.  It appears to the Court that the "provisional remedy" relating to "Seizure of Person or Property" in Federal Rule of Civil Procedure 64 applies:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property *for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available* under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought . . . .

(Emphasis added.)  The Court, therefore, concludes additional briefing on this issue is appropriate and may assist the Court in determining whether XAP should be required to provide some form of security to insure the payment of the judgment that will be entered in favor of CollegeNET on its unfair-competition claim under the Lanham Act.

5 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff CollegeNET, Inc.'s Motion for Entry of Briefing Schedule (#664) regarding Attorneys' Fees and Damages. CollegeNET shall file a memorandum no later than July 20, 2007, regarding XAP's immediate obligation to post a bond or to provide other security as to CollegeNET's Lanham Act damages award. XAP's response is due no later than July 31, 2007. No reply shall be permitted.

IT IS SO ORDERED

DATED this 29th day of June, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER

7 - OPINION AND ORDER