IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COLLEGENET, INC.,<br>a Delaware Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>XAP Corporation,<br>a Delaware Corporation,<br><br>       Defendant. | 03-CV-1229-BR<br><br>OPINION AND ORDER |

**SCOTT D. EADS**
Perkins Coie LLP
1120 N.W. Couch St., 10th Floor
Portland, OR 97209-4128
(503) 727-2000

**SUSAN E. FOSTER**
**JESSICA ROSSMAN**
**ELANA MATT**
Perkins Coie LLP
1201 Third Ave., Ste. 4800
Seattle, WA 98101-3099
(206) 359-8000

       Attorneys for Plaintiff

1 - OPINION AND ORDER

**DAVID W. AXELROD**
**JOHNATHAN E. MANSFIELD**
**YVONNE E. TINGLEAF**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. 5th Ave., Suite 1900
Portland, OR 97204
(503) 222-9981

         Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant XAP Corporation's Motion for Reconsideration (#796) of this Court's ruling that XAP waived its affirmative defense of prosecution history estoppel. For the following reasons, the Court **DENIES** XAP's motion.

## BACKGROUND

On October 5, 2006, following a 13-day jury trial on CollegeNET, Inc.'s patent-infringement and unfair-competition claims, the jury returned a Verdict that, *inter alia*, XAP infringed Claim 21 of CollegeNET's Patent No. 6,345,278 ('278 Patent) under the Doctrine of Equivalents. The Court reserved for later bench trials XAP's equitable defenses of laches (to CollegeNET's unfair-competition claim) and inequitable conduct and prosecution history estoppel (to CollegeNET's patent-infringement claims).

After a two-day bench trial on January 25-26, 2007, the

2 - OPINION AND ORDER

Court found CollegeNET's unfair-competition claim was not barred by laches and entered its verdict on that defense in favor of CollegeNET on March 26, 2007. Further proceedings were delayed due to reexamination proceedings in the United States Patent and Trademark Office and because all parties changed counsel.

The two-day bench trial on XAP's equitable defenses to CollegeNET's patent infringement claims began on June 18, 2008. In pretrial proceedings immediately before the bench trial started, the Court concluded XAP waived any defense based on prosecution history estoppel because it failed to object when the Court submitted a form of Special Verdict to the jury that did not also require the jury to decide specifically which limitation[s] of Claim 21 of the '278 Patent XAP infringed under the Doctrine of Equivalents.

## DISCUSSION

XAP now moves the Court to reconsider its pre-trial ruling that XAP waived the defense of prosecution history estoppel. To support its Motion, XAP presents new evidence that XAP, in fact, did request revision of the proposed verdict form to require the jury to find specifically which, if any, of the limitations in Claim 21 of the '278 patent were infringed by XAP under the Doctrine of Equivalents.

The new evidence is presented in the Declarations of Lynn

3 - OPINION AND ORDER

Pasahow and Henry Carbajal, XAP's former trial counsel, in which they state Pasahow, in an off-the-record discussion with the Court, unsuccessfully objected to the proposed verdict form because it "did not ask separate questions for each of the two limitations that CollegeNET asserted were [infringed] by equivalents"; *i.e.,* the "server computer" and "records" limitations.  Pasahow Decl. at ¶ 7.

The Court notes it regularly conducted off-the-record discussions with trial counsel throughout the jury trial concerning a variety of matters, including changing proposals for jury instructions and forms of special verdict.  The primary purpose for these discussions was to facilitate communication between counsel and the Court so that on-the-record presentations as to the many complicated issues at hand were clear and to the point.  Particularly with respect to the process of completing jury instructions and a final form of verdict, the Court and counsel were regularly reviewing re-drafts of these materials as trial and discussions about the proposals progressed.  The Court, however, never discouraged counsel from taking exceptions on the record to the Court's ultimate rulings or from otherwise making a necessary record for appeal.  Indeed, the Court commenced and ended each segment of the trial with an inquiry to counsel whether there was any matter to address to the Court on the record.

4 - OPINION AND ORDER

The Court does not have any note or recollection of the specific off-the-record matters described by trial counsel in their Declarations.  The Court does recall repeatedly urging counsel on and off the record to present requested instructions and proposed verdict forms for the jury in clear and consistent terms.  The Court likely conveyed disapproval for any proposal on the verdict form that appeared to be unnecessary or confusing, but the Court did not realize until the current bench trial was about to begin that the jury's general resolution of the infringement-by-equivalents question (*i.e.* without deciding infringement-by-equivalents on a limitation-by-limitation basis) might preclude XAP from presenting its prosecution history estoppel defense to the Court.

Although XAP's trial counsel evidently believed there was a need for separate interrogatories on the infringement-by-equivalents question in order to preserve XAP's ability to argue the defense in the expected bench trial, XAP is unable to point to any substantive discussion either on the record or off the record that the jury should make multiple findings on specific claim limitations (*i.e.*, to determine whether the equivalent infringement related to the "server" limitation or the "record" limitation) for the purpose of attempting to establish a basis for XAP's prosecution history estoppel defense in a later trial. Moreover, when the Court stated on the record that the Special

5 - OPINION AND ORDER

Verdict had been settled "with the parties agreeing on the questions and the formulation of them," XAP's counsel did not object to the Court's statement, nor did XAP's counsel take exception to the final form of Special Verdict before it was submitted to the jury.  CollegeNET Mem. in Response to XAP's Motion for Reconsideration, Eads Decl., Ex. B.; Trial Tr. at 1813-14.

Under Federal Rule of Civil Procedure 51(a)(3), "[a] party who objects to an instruction or the failure to give an instruction *must do so on the record*, stating distinctly the matter objected to and the grounds for the objection." (Emphasis added.)  Objections to Special Verdict Forms are governed by Rule 51.  *Ayuyu v. Tagabuel,* 284 F.3d 1023, 1026 (9th Cir. 2002)("We hold that Rule 51 includes objections to the form of the verdict as well as to any instructions about the use by the jury of the form.").  The Ninth Circuit requires strict compliance with Rule 51.  *Voohries-Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 713 (9th Cir. 2001).  The only exception to Rule 51 is when the objection would be a "pointless formality" because "(1) throughout the trial the party argued the disputed matter with the court, (2) it is clear from the record that the court knew the party's grounds for disagreement with the instruction, and (3) the party offered an alternative instruction."  *Id.* at 714-15.

6 - OPINION AND ORDER

Although the Court accepts XAP attempted to explain its proposals as to this particular issue in an off-the-record discussion, the circumstances here are far different than *Voohries-Larson*, and, therefore, do not justify applying an exception to strict compliance with Rule 51.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant XAP's Motion for Reconsideration (#796) of this Court's ruling that XAP waived its affirmative defense of prosecution history estoppel.

IT IS SO ORDERED.

DATED this 4th day of September, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Court

7 - OPINION AND ORDER