IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**COLLEGENET, INC.,**
a Delaware Corporation,

03-CV-1229-BR

OPINION AND ORDER

v.

**XAP Corporation,**
a Delaware Corporation,

       Defendant.

**SCOTT D. EADS**
**JULIA E. MARKLEY**
Perkins Coie LLP
1120 N.W. Couch St., 10th Floor
Portland, OR 97209-4128
(503) 727-2000

**SUSAN E. FOSTER**
**ELANA MATT**
Perkins Coie LLP
1201 Third Ave., Ste. 4800
Seattle, WA 98101-3099
(206) 359-8000

       Attorneys for Plaintiff
       CollegeNET, Inc.

1 - OPINION AND ORDER

**DAVID W. AXELROD**
**JOHNATHAN E. MANSFIELD**
**CONNIE C. KONG**
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 S.W. 5th Ave., Suite 1900
Portland, OR 97204
(503) 222-9981

>     Attorneys for Defendant
>     XAP Corporation

**F. GORDON ALLEN**
**J. KURT KRAEMER**
McEwen Gisvold LLP
1100 S.W. 6th Ave., Suite 1600
Portland, OR 97204
(503) 226-7321

**STEVEN E. TILLER**
**LELAND C. MOORE, Jr.**
Whiteford, Taylor & Preston, LLP
7 Saint Paul St.
Baltimore, MD 21202
(410) 347-8700

>     Attorneys for Intervenors
>     ApplicationsOnline, LLC, and
>     The Common Application, Inc.

**BROWN, Judge.**

This matter comes before the Court on the Joint Motion (#914) to Vacate Amended Final Judgment and to Enter Consent Judgment filed by Plaintiff CollegeNET, Inc., and Defendant XAP Corporation.

For the reasons that follow, the Court **GRANTS** the Joint Motion to Vacate.

2 - OPINION AND ORDER

## BACKGROUND

CollegeNET owns the 6,345,278 Patent ('278 Patent) and the 6,460,042 Patent ('042 Patent) relating to on-line college-application programs.  CollegeNET brought this action in September 2003 alleging XAP infringed multiple claims in both patents.  On October 5, 2006, after a 13-day jury trial, the jury returned a Verdict that XAP infringed Claim 21 of CollegeNET's '278 Patent but did not infringe CollegeNET's '042 Patent.  The jury also found CollegeNET's '042 Patent claims were invalid for obviousness.  The jury awarded CollegeNET damages of $4 million on the '278 Patent claim.[1]

Following a four-day trial to the Court in June 2008 and a full day of closing arguments in September 2008, the Court entered a Verdict on October 1, 2008, in favor of CollegeNET on XAP's Counterclaim that CollegeNET engaged in inequitable conduct before the United States Patent Office as to its '278 and '042 Patent applications.

---

[1] In its Complaint, CollegeNET also asserted a claim for unfair competition under the Lanham Act.  The jury heard evidence on that claim during the course of the trial and rendered an advisory finding that XAP unfairly competed with CollegeNET and that CollegeNET suffered $4.5 million in additional damages as a result.  On March 26, 2007, after a two-day follow-up trial to the Court, the Court entered a Final Verdict in which it affirmed the jury's advisory award on the Lanham Act claim in favor of CollegeNET and, in addition, awarded CollegeNET reasonable attorneys' fees.

3 - OPINION AND ORDER

On October 20, 2008, the Court entered a Final Judgment in this case.

On November 3, 2008 (*i.e.,* within ten days excluding intervening weekend days), CollegeNET and XAP each timely filed Motions for New Trial, Judgment Notwithstanding Verdict, and to Amend/Correct Judgment under Federal Rule of Civil Procedure 59(a), (d) and (e), which address numerous contested issues as to the patent-infringement and Lanham Act claims.

On November 18, 2008, the Court entered an Amended Final Judgment.

On November 19, 2008, XAP filed a Notice of Appeal to the Federal Circuit Court of Appeals.

On December 9, 2008, the Court entered a Corrected Amended Final Judgment.

On December 23, 2008, XAP filed an Amended Notice of Appeal to the Federal Circuit Court of Appeals.

After the Court first entered Final Judgment and while all of the post-trial motions were still pending, the parties undertook extensive settlement negotiations in this matter. As a result of their negotiations, the parties have reached a comprehensive settlement agreement contingent on the Court granting their Joint Motion to Vacate Amended Final Judgment and to Enter Consent Judgment for purposes of removing the part of

4 - OPINION AND ORDER

the Amended Final Judgment that was adverse to CollegeNET as to the '042 Patent claims.

On April 24, 2009, CollegeNET and XAP filed their Joint Motion to Vacate.

On May 1, 2009, ApplicationsOnline and The Common Application (collectively hereinafter referred to as AOL Intervenors)[2] jointly filed a timely Motion to Intervene for the purpose of opposing the Joint Motion to Vacate.

On May 28, 2009, the Court heard oral argument on the Joint Motion to Vacate and the Motion to Intervene.  For the reasons stated during argument, the Court granted AOL Intervenors' Motion to Intervene permissively under Federal Rule of Civil Procedure 24(b)(2) for the sole purpose of ensuring the Court would hear and consider their arguments in opposition to the Joint Motion to Vacate.  The Court then took the Joint Motion to Vacate under advisement.

### Related Cases

*CollegeNET, Inc. v. ApplyYourself, Inc.*, 02-CV-484-HU and 02-CV-1359-HU.

These consolidated cases involve patent-infringement claims against the same '042 and '278 Patents at issue in this case. On October 28, 2008, Magistrate Judge Hubel granted summary

---

[2] The AOL Intervenors are defendants in a related patent-infringement case filed by CollegeNET that is pending in this Court as indicated below.

5 - OPINION AND ORDER

judgment in favor of ApplyYourself that CollegeNET was collaterally estopped from asserting the validity of the '042 Patent claims based on the October 2006 Verdict in *CollegeNET, Inc. v. XAP Corporation* in which the jury found CollegeNET's '042 Patent claims were invalid.

The parties in *ApplyYourself,* however, also have agreed to a tentative settlement that, *inter alia,* provides "[t]he 042 Patent claims are not invalid and are not unenforceable."  To effectuate this provision, the parties filed a Motion to Vacate Judge Hubel's ruling that CollegeNET's '042 Patent claims were invalid.

As in this case, AOL Intervenors moved to intervene in *ApplyYourself* for the sole purpose of opposing entry of the proposed Consent Judgment because it would have the effect of vacating Judge Hubel's prior collateral-estoppel ruling.

On May 28, 2009, Judge Hubel denied AOL Intervenors' Motion to Intervene because the proposed Consent Decree was not a final judgment.  He noted "the issues about which [AOL Intervenors] wish[] to argue, begin and end with the vitality of the Judgment in the XAP case."  Opin. and Order at 6 (issued May 28, 2009).  He concluded the AOL Intervenors did not have a protectable interest sufficient to justify their intervention as of right under Federal Rule of Civil Procedure 24(a), and he declined to exercise his discretion to allow permissive intervention under Federal Rule of Civil Procedure 24(b).  *Id.* at 7.

6 - OPINION AND ORDER

*CollegeNET, Inc. v. ApplicationsOnline, LLC, and The Common Application, Inc.*, 05-CV-1255-BR.

CollegeNET alleges AOL Intervenors have infringed many of the same '042 Patent claims that have already been litigated in this case. As set forth above, the AOL Intervenors have been granted permission to intervene in this case to oppose CollegeNET and XAP's pending Joint Motion to Vacate.

*Miscellaneous.*

*CollegeNET, Inc. v. The Princeton Review*, 05-CV-1205-BR, another patent-infringement case involving the '042 Patent, settled in December 2007.

*CollegeNET v. The College Network*, 08-CV-601-BR, is pending in this Court. It involves service-mark infringement, false designation of origin, and unfair-competition claims. Settlement negotiations are ongoing in this case.

*CollegeNET, Inc. v. ApplyYourself, Inc.*, 09-CV-171-BR, involves a patent-infringement claim pertaining to CollegeNET's 7,376,891 B2 ('891) Patent. Settlement negotiations are ongoing in this case.

## JOINT MOTION TO VACATE

### Jurisdiction

This Court has jurisdiction to decide XAP and CollegeNET's Joint Motion to Vacate and AOL Intervenors' Motion to Intervene

7 - OPINION AND ORDER

notwithstanding the fact that XAP's Amended Notice of Appeal is now pending in the Federal Circuit Court of Appeals. XAP's Notice of Appeal will only become effective for purposes of divesting this Court of jurisdiction when "the order disposing of the last [of the parties' post-trial motions under Federal Rule of Civil Procedure 59(a)] "is entered." *See* Fed. R. App. P. 4(a)(4)(B)(ii). *See also Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.,* 19 F.3d 444, 445 (9th Cir. 1994)(a notice of appeal is not a "nullity, but, rather, is held in abeyance until the motion is resolved.").

### Standards

Federal Rule of Civil Procedure 60(b) lists the permissible grounds on which the district court may relieve a party from a final judgment. Rule 60(b)(6) broadly allows vacatur of a final judgment for "any other reason that justifies relief." The district court "must weigh the equities and determine whether it should vacate its own judgment." *American Games, Inc. v. Trade Prod., Inc.,* 142 F.3d 1164, 1168 (9th Cir. 1998).

> [T]he district court can decide whether to vacate its judgment in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes.

*Id.* The decision whether to vacate its own judgment is within the discretion of the district court. *Id.*

## Discussion

In anticipation of being allowed to intervene, AOL Intervenors filed a Memorandum in Opposition to the Motion to Vacate, and the Court permitted them to present their opposition to the Motion during the May 28, 2009, oral argument.

Having now completed its consideration of the arguments and in light of the complicated history, facts, and circumstances of this case, this Court has little difficulty concluding the equities at issue in the Motion to Vacate strongly favor allowing the settlement between CollegeNET and XAP to proceed on condition that the jury's findings in favor of XAP as to the '042 Patent claims are vacated even if doing so is at the expense of the AOL Intervenors' ability to argue in the case brought against them by CollegeNET that the jury's advisory finding in *CollegeNET v. XAP* should be given preclusive effect. As the record reflects, the parties have expended millions of dollars in attorneys' fees over a period of almost six years to litigate the patent-infringement claims and defenses in addition to the Lanham Act issues in three separate trials. The issues are extraordinarily complex. This Court has been required to make numerous rulings on dispositive

9 - OPINION AND ORDER

motions and at trial and will have to undertake similar significant effort on post-trial motions, all of which will likely be reviewed by the appellate court if this case does not settle.  Thus, there is nothing certain about the asserted "finality" of the Corrected Amended Final Judgment entered in this case that AOL Intervenors seek to preserve.  On balance, the cost to the Court, the public, and the parties of undoing the proposed settlement and forcing the parties and the Court to proceed with post-trial motions and subsequent appeals on a host of issues far exceeds the cost associated with the AOL Intervenors' defense of CollegeNET's patent claims without the benefit of a preclusive sword as to only one issue.

Accordingly, the Court, in the exercise of its discretion, concludes the balance of the equities and the public-policy benefits in favor of a truly final resolution of this matter weigh heavily in favor of vacatur of the jury Verdict and Judgment entered as to CollegeNET's '042 Patent claims to facilitate the final settlement of this case.  The Court, therefore, **GRANTS** the Joint Motion to Vacate and to Enter Consent Judgment.

## CONCLUSION

For these reasons, the Court **GRANTS** the Joint Motion (#914) to Vacate Amended Final Judgment and to Enter Consent

10- OPINION AND ORDER

Judgment filed by Plaintiff CollegeNET, Inc., and Defendant XAP Corporation.

IT IS SO ORDERED.

DATED this 8th day of June, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11- OPINION AND ORDER